UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:14-cv-60-FL

| | |
|---|---|
| NATASHA TORRES, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   CONSENT PROTECTIVE ORDER |
|     v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

Defendant seeks production of the Onslow County Department of Social Services (Onslow DSS) file on the minor child of Victor and Natasha Torres, F. T.[1] The parties dispute the relevance of this file in the above captioned case. Plaintiff consents to the production of the Onslow DSS file to the court for <u>in</u> <u>camera</u> inspection and to the entry of this Consent Protective Order to cover the contents of the Onslow DSS file once it is produced to the parties.

It is hereby **ORDERED** that:

1. In accord with the terms of the Order to Produce its file, Onslow County DSS will file under seal a redacted copy of its file on Victor Torres, Natasha Torres, and/or their

---

[1] Pursuant to Federal Rule Civil Procedure, Rule 5.2(a)(3), the minor is identified only by initials.

1

minor child, F.T. To shield the minor child, the child is not named in this Order. The United States will serve upon Onslow County Attorney, Lesley Moxley, a copy of this Order along with a subpoena <u>duces</u> <u>tecum</u>, which includes the minor child's name and address at the time of the incident that was the subject of the DSS file.

2. The court will review <u>in</u> <u>camera</u> the redacted copy of the Onslow County DSS file on the Torres and/or their minor child, F.T. The court will release to the parties in the above captioned case all records which document interviews of or describe the actions of Victor Torres or Natasha Torres and interviews of any witness(es) who observed the alleged domestic dispute. Prior to releasing the file to the parties, the court will not redact the name of the Torres' minor child, F.T., because all parties to this suit are subject to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure and are required to redact to the initials the names of minors in documents filed with the court.

3. The information and/or documents from the Onslow DSS file produced pursuant to this Consent Protective Order shall not be disclosed, discussed or disseminated directly or indirectly by any person or entity with knowledge of this Consent Protective Order except in accordance with

2

the terms of this Consent Protective Order. The Onslow DSS file and the information contained therein may be used only for the prosecution or defense of the above-captioned proceeding and not for any other pending or threatened proceeding, or any other business or other purpose whatsoever. Except as expressly permitted herein or by further order of the Court, the Onslow DSS file and the information contained therein shall be maintained and kept by the parties and all other person(s) permitted to receive copies of files, or portions thereof or information contained there, as set out in paragraph 4 below ("Qualified Persons"), in a fully confidential manner, and shall not be given, shown, disclosed, disseminated, discussed or described, directly or indirectly, to or with any person(s) other than those set forth in paragraph 4 hereof ("Qualified Persons").

4. The following persons (hereinafter called "Qualified Persons") shall be the only persons who will be permitted to have access to Onslow DSS file, and such access shall be permitted subject to the limitations set forth below:

   (a) Each counsel of record for a party in this case, including outside and in-house attorneys and such attorneys' staff to whom it is necessary that materials be

disclosed for purposes of this proceeding.

    (b) Each party, and any current or former partner, member, director, officer, or employee or agent of a party who is requested by that party or any of its attorneys to assist in the prosecution of the claim or the preparation of the defense or to testify at a hearing in or trial of this proceeding;

    (c) Independent experts or consultants retained by counsel for the purpose of assisting in this proceeding, including their staff to whom it is necessary that materials be disclosed for purposes of this proceeding, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this proceeding;

    (d) Mediators and their staffs enlisted by all parties to assist in the resolution of this matter;

    (e) Court reporters, stenographers, audio technicians, video technicians, video-teleconferencing technicians, and videographers at depositions; and

    (f) The Court and its personnel.

5. The parties shall notify all Qualified Persons who receive a copy of the Onslow DSS file, or any portion thereof or any information contained therein, of the obligation to

4

keep such information confidential in accordance with the foregoing paragraphs of this Consent Protective Order. These Qualified Persons shall acknowledge their commitment to preserve the confidentiality of all information so designated before the Onslow DSS file ("Confidential Information") is provided to each Qualified Person. Qualified Persons may not retain copies of confidential documents or the information therefrom, and such persons must return all copies, including portions thereof, of the documents subject to this Consent Protective Order to counsel of record who provided such documents or information to them when their participation has ended or their need to have such documents and information ends, whichever comes first.

6. Nothing in this Order waives any objection to discovery or use at hearing or trial. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. In the event that any "confidential" document or information is used in any court proceeding, it shall not lose its confidential status under this Consent Protective Order through such use, its use shall continue to be subject to the provisions of the Consent Protective Order that are not inconsistent

with other orders by the court regarding use at trial, and the parties shall take all steps reasonably required to protect the confidentiality of the files subject to this Consent Protective Order, all portions thereof and all information contained therein, during such use.

7. Nothing herein shall limit a party's or her/its counsel's use of its own documents.

8. Each time a party seeks to file under seal any documents, things, and/or information produced pursuant to this Order, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request for seal be evaluated, whether any such seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and

supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9. Upon the final conclusion of this proceeding, including all appeals:

(a) The provisions hereof relating to the access to and use of the documents subject to the Consent Protective Order and all confidential information therefrom shall continue to be binding on all persons entitled to access under the terms of this Consent Protective Order; and

(b) The parties shall destroy all originals and copies of the Onslow DSS' file which each receives.

It is so ORDERED this  19th  day of       August,  2015.

_____
LOUISE W. FLANAGAN
United States District Court Judge

7

Case 7:14-cv-00060-FL   Document 31   Filed 08/19/15   Page 7 of 7